

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

FILED
Mar 19, 2025
10:15 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | | |
|---|---|---|
| Damien Yeoman | ) | Docket No. 2024-30-2931 |
| | ) | |
| v. | ) | State File No. 81990-2023 |
| | ) | |
| Transwood Logistics, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

### Reversed and Remanded

---

In this interlocutory appeal, the employee alleges he suffered injuries to his right upper arm and shoulder when he slipped while exiting a truck within the course and scope of his employment. The employee did not report the incident immediately after its occurrence because he had only been working for the employer a short period of time and he believed he had suffered a minor muscle pull that would resolve over time. Twenty-four days after the accident, the employee informed his employer he had suffered a work-related injury. Although the employer initially authorized medical care, it subsequently denied the claim based on its assertion that the employee had failed to give timely notice of the accident. Following a hearing, the trial court determined that although the employee did not timely notify the employer of the accident, he offered a reasonable excuse for that failure based on the employee's "limited understanding of his condition" and the fact that he is a "poor historian." It also determined that the employer was not prejudiced by the late notice. As a result, the trial court found the employee is likely to prevail at trial in proving the occurrence of a compensable accident and ordered the employer to authorize additional medical treatment and pay certain temporary disability benefits. The employer has appealed. Upon careful consideration of the record, we reverse the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Allison P. Tomey, Knoxville, Tennessee, for the employer-appellant, Transwood Logistics, Inc.

Andrew J. Roberto, Knoxville, Tennessee, for the employee-appellee, Damien Yeoman

1

**Factual and Procedural Background**

Damien Yeoman ("Employee"), a thirty-one-year-old resident of Knox County, worked as a delivery driver for Transwood Logistics, Inc. ("Employer"). On September 26, 2023, while making a delivery in Hendersonville, North Carolina, Employee slipped on a wet step while exiting his truck and, as a result, "all of his weight pulled on his right shoulder/arm." Employee stated he did not inform Employer of this accident initially for two reasons: first, he believed he had suffered a minor muscle pull that would resolve over time; and second, he had only been employed by Employer for approximately one month and "wanted to be cautious to make sure this was a work injury."

On October 10, 2023, Employee went to his primary care provider at Cherokee Health Systems and saw Nurse Practitioner Crystal Larrimore ("NP Larrimore"). At that visit, he complained of right shoulder and left thumb pain. According to NP Larrimore's report, Employee stated that his "shoulder hurts all the time, hurts when he moves it, hurts if he keeps it still." Importantly, NP Larrimore's report also stated that Employee "believes he may have injured this at his new job, pulling a hose." Later in the same report, the provider indicated he had experienced shoulder symptoms for "2-3 weeks." On physical examination, Employee had "moderate pain" during range of motion testing and tenderness in his right shoulder. NP Larrimore ordered a right shoulder x-ray.[1]

On October 20, Employee informed his dispatcher that he needed time off for a medical appointment. This discussion was overheard by the terminal manager, Jerry Smith. During his subsequent conversation with Employee, Mr. Smith learned about the work accident, although Employee was unable at that time to recall the date it had occurred. Thereafter, Employer authorized a medical evaluation, and Employee was seen at a walk-in clinic with complaints of right shoulder pain. At that time, Employee reported he was "coming out of his truck and grabbed a bar to catch himself and felt a pull in his right arm and shoulder." The physician's assistant ("PA") ordered right shoulder x-rays and assigned work restrictions that included no pushing, pulling, lifting, or carrying over ten pounds with the right arm. The PA also recommended physical therapy twice a week for up to eight weeks. On November 3, Employee returned to the same walk-in clinic and was seen by Dr. James Howell, who diagnosed a shoulder strain, noted the ongoing work restrictions, added a no-driving restriction, and reiterated the recommendation for physical therapy.

After Employee completed some physical therapy, Dr. Howell noted continuing "irritation and pain and symptoms with both passive and active movement." Employee also reported experiencing tingling in his right hand. Despite his ongoing work restrictions, Employee reported he was still working and "not taking anything for pain." On December 22, Dr. Howell ordered an MRI because he was "concerned about a tear in

---

[1] The record on appeal does not contain an x-ray report from that date.

his rotator cuff." According to Dr. Howell's January 23, 2024 report, the MRI revealed tears in the right shoulder, and Dr. Howell referred Employee to an orthopedic specialist.

Although Employer had initially authorized medical treatment after receiving notice of Employee's accident, it subsequently denied the claim due to what it asserted was lack of timely notice. Specifically, Employer asserted that Employee's direct supervisor "had no knowledge of Employee's injury until October 20, 2023," which was 24 days after the accident.

During the expedited hearing, Employee testified that, after returning home following the accident on September 26, he told his mother that he had "slipped climbing out of the truck." He further acknowledged that, within a week of the accident, he decided his condition was bad enough that he needed to seek medical attention. Yet, he admitted he did not inform his supervisor of the incident until October 20. Finally, Employee acknowledged that he knew he had suffered a work-related accident on the date it occurred.

In its expedited hearing order granting benefits, the trial court determined that, although Employee acknowledged he did not give timely notice of the work-related accident, he had a reasonable excuse for his failure to do so. Specifically, the trial court found that Employee was a "poor historian" with a "limited understanding" of his condition and that Employer was not prejudiced by the lack of proper notice. As a result, the trial court concluded Employee would likely prevail at trial in proving the occurrence of a compensable accident and ordered Employer to authorize additional medical treatment and pay past and ongoing temporary disability benefits. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a

way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

On appeal, Employer argues the trial court erred in determining that Employee had provided a reasonable excuse for his failure to give timely notice of the work accident.[2] For his part, Employee focuses on the lack of any evidence of prejudice caused by Employee's late notice, and he asks that we find Employer's appeal frivolous.

As with most appeals, we start with the statutory language.  Tennessee Code Annotated section 50-6-201(a)(1) places the burden on an injured worker to provide the employer with timely notice of a work-related injury.  It requires the employee, or a representative of the employee, to "immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury."  Tenn. Code Ann. § 50-6-201(a)(1).  Moreover, the second sentence of subsection (a)(1) provides that an employee shall be entitled to "no compensation" unless "the written notice is given to the employer within fifteen (15) days *after the occurrence of the accident*."  *Id.* (emphasis added). Further, Tennessee Code Annotated section 50-6-201(b) makes clear that injuries occurring "as the result of gradual or cumulative events or trauma" have additional statutory provisions to consider.  If, however, the injury or injuries being alleged by the employee occurred as the result of a sudden event, as is the case here, subsection 201(b) is not applicable.

In *Ernstes v. Printpack, Inc.*, No. 2020-07-0617, 2023 TN Wrk. Comp. App. Bd. LEXIS 25 (Tenn. Workers' Comp. App. Bd. June 6, 2023), we examined the history of Tennessee's notice requirement and concluded that, when considering whether an employee provided timely notice of the work-related injury, the court should consider the following framework:

A. Did the employee provide timely written notice of the alleged work-related injury?

B. If no timely written notice was provided, did the employer have "actual knowledge" of the alleged work-related accident or injury?

---

[2] We note that Employer phrased its issue as "[w]hether the trial court *abused its discretion* by reaching the illogical conclusion that Employee's excuse for f[a]iling to provide timely notice of a work injury was reasonable."  (Emphasis added.)  In his brief, Employee mirrors this "abuse of discretion" language. Pursuant to Tennessee Code Annotated section 50-6-239(c)(7), however, the applicable standard of review is whether the preponderance of the evidence supports the trial court's determination regarding reasonable excuse and notice.  This determination is not reviewed under an abuse-of-discretion standard.

C. If no timely written notice was provided and no actual knowledge has been proven, did the employee show a "reasonable excuse" for the failure to give proper notice to the employer. In considering whether the employee has shown by a preponderance of the evidence a reasonable excuse, a court can consider, among other things: (1) the employer's actual knowledge of the employee's injury, (2) lack of prejudice to the employer by an excusal of the notice requirement, and (3) the excuse or inability of the employee to timely notify the employer. However, as previously stated by the Tennessee Supreme Court, lack of prejudice alone would not be sufficient to excuse notice.

D. If the court determines that: (1) no timely written notice was provided; (2) the employer did not have actual knowledge of the alleged accident or injury; and (3) the employee did not prove a reasonable excuse for the failure to give timely notice, the claim should be denied and dismissed.

E. If written notice was provided, but the employer affirmatively asserts there was a defect or inaccuracy in the notice, the burden of proof shifts to the employer to prove actual prejudice it suffered as a result of the defective or inaccurate notice and, if such prejudice is found, the trial court can fashion a remedy, if appropriate, "only to the extent of the prejudice."

*Id.* at *34 (internal citations and quotation marks omitted).[3]

The outcome of the present appeal hinges on an analysis of Step C above, which requires the employee to offer evidence of a "reasonable excuse for failure to give the notice." Tenn. Code Ann. § 50-6-201(a)(1). Thus, in a case where the alleged injury occurred after a sudden event, a trial court can consider, among other pertinent factors, whether the employer had actual knowledge of the accident, whether the employee was unable to timely notify the employer of the accident, and/or whether the employer suffered any prejudice caused by the lack of timely notice. Evidence of lack of prejudice, standing alone, is not enough to support a finding that the employee offered a reasonable excuse for the lack of timely notice. *Ernstes*, 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34 (citing *Aluminum Co. of Am. v. Rogers*, 364 S.W.2d 358, 361 (Tenn. 1962)).

Here, Employee admitted he did not tell Employer about the accident "immediately after its occurrence" or at any time until 24 days later. However, he acknowledged during the expedited hearing that he knew he had been involved in a work-related accident, and he informed his mother that he had slipped while exiting his truck

---

[3] Our opinion in *Ernstes* was affirmed on appeal by the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel. *Ernstes v. Printpack, Inc.*, No. W2023-00863-SC-RS-WC, 2024 Tenn. LEXIS 1 (Tenn. Workers' Comp. Panel Jan. 2, 2024).

the same day it occurred. Within one week after the accident, he decided he needed to seek medical attention. He went to his primary care provider fourteen days after the accident and informed the nurse practitioner he believed he had sustained a work-related injury. At no point during this two-week period did he inform Employer of the accident. Thus, we conclude the preponderance of the evidence presented during the expedited hearing supports a finding that Employer had no actual knowledge of the accident prior to October 20; Employee did not give timely notice of the accident; and Employee offered no evidence of an inability to inform Employer of the accident.

The trial court reasoned, in part, that Employee did not initially understand the extent of his injury and that "[i]t was not until [Employee] underwent the MRI that he and his doctor actually knew he had high-grade tendon tears." We conclude, however, that an employee's understanding, or lack thereof, of the seriousness of his injury does not excuse the notice requirement in circumstances where Employee was involved in a sudden, traumatic accident at work. Section 201(a)(1) expressly requires an employee to give notice "within fifteen (15) days after *the occurrence of the accident*," not within fifteen days after the employee understands the seriousness of the injury caused by that accident. The trial court's rationale, taken to its logical conclusion, would result in the addition of a "discovery rule" to the notice requirement applicable to sudden, acute, and traumatic injuries described in section 201(a)(1), which we conclude would expand the intended meaning of that statute. Our goal when construing a statute is to "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *24 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (internal quotation marks and citations omitted). Here, regardless of when Employee became aware of the seriousness of the injury, he knew he had been involved in a work-related accident but chose not to inform Employer of that accident until 24 days after its occurrence.[4]

The trial court also relied, in part, on the Tennessee Supreme Court's opinion in *Livingston v. Shelby Williams Industries, Inc.*, 811 S.W.2d 511 (Tenn. 1991). In *Livingston*, the employee reported falling through some crates while loading items into a truck. *Id.* at 512. At trial, the court noted the employee was illiterate and had "great difficulty remembering dates, names, places, and the sequence of events in his life." *Id.*

---

[4] We again emphasize that the analysis is significantly different if the employee alleges a work-related injury caused by "gradual or cumulative events or trauma." Tenn. Code Ann. § 50-6-201(b). In such circumstances, the employee's knowledge of the *permanency* of his or her injury *may* be relevant to a court's evaluation of the notice requirement. *See, e.g.*, *White v. Federal Express Corp.*, No. 2021-08-1065, 2025 TN Wrk. Comp. App. Bd. 8, at *18-19 (Tenn. Workers' Comp. App. Bd. Mar. 6, 2025) (finding that in gradual injury cases, "A trial court must consider: (1) at what point in time the employee knew or reasonably should have known he or she suffered from a work-related condition causing permanent physical impairment; or (2) at what point in time the employee was unable to engage in or was restricted from normal work activities due to a work-related condition.").

Most significant for our purposes, however, was the evidence that, within a few minutes of the fall, the employee "told the foreman he had fallen and that walking across the crates was dangerous." *Id.* He also advised the foreman the following day that he had bruised his leg when he fell. *Id.* The trial court then concluded that the employee had offered a reasonable excuse for not giving timely written notice of the accident. *Id.* at 513. Thus, in *Livingston*, there was unrefuted evidence that the employer had actual knowledge of the occurrence of the accident the same day it occurred. In the present case, it is undisputed that Employer had no actual knowledge of the accident until Employee gave notice 24 days after the occurrence. We conclude, therefore, that the Supreme Court's rationale in *Livingston* is not applicable to the facts of the appeal presently before us.

As the Tennessee Supreme Court has explained:

> The purpose of the notice requirement is to give the employer the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee. In other words, the notice provision serves to protect the employer from prejudice and to secure the employer's right to control the provision of treatment.

*Banks v. UPS, Inc.*, 170 S.W.3d 556, 562 (Tenn. 2005) (internal quotation marks and internal citation omitted). Here, Employee sought medical care with his primary care provider within one week of the accident, at which time he told the provider he believed he had suffered a work-related accident. Yet, he admitted he did not inform Employer of the accident until 24 days after it occurred. Thus, Employer was not given any opportunity to investigate the circumstances of the accident or to initiate medical care in a timely manner.

We conclude the evidence preponderates against the trial court's finding that Employee offered sufficient evidence of a reasonable excuse for his failure to provide timely notice of the accident. This, in turn, leads us to conclude Employee did not come forward with sufficient evidence indicating he is likely to prevail at trial in proving the occurrence of a compensable injury.

**Conclusion**

For the foregoing reasons, we reverse the trial court's order and remand the case. Costs on appeal are taxed to Employee.

7



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Damien Yeoman | ) | Docket No. 2024-30-2931 |
| | ) | |
| v. | ) | State File No. 81990-2023 |
| | ) | |
| Transwood Logistics, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of March, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Allison P. Tomey | | | | X | wth@mijs.com<br>aptomey@mijs.com<br>slmcculley@mijs.com |
| Andrew J. Roberto | | | | X | aroberto@brownandroberto.com<br>cwilliams@brownandroberto.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov